Hon. John C. Coughenour

_____ FILED   _____ ENTERED
_____ LODGED   _____ RECEIVED

MAY 2 6 2022

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                    DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KALVINN JAY GARCIA,<br><br>Defendant. | NO. CR21-012-JCC<br><br>**PLEA AGREEMENT** |

The United States of America, by and through Nicholas W. Brown, United States Attorney for the Western District of Washington, and Rebecca S. Cohen, Assistant United States Attorney for said District, and Kristen Clarke, Assistant Attorney General, United States Department of Justice, Civil Rights Division and Trial Attorney AeJean Cha, and Defendant Kalvinn Jay Garcia and Defendant's attorneys, Corey Endo and Sara Brin, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure Rule 11(C)(1)(A) and (B).

1.    **The Charge**.  Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charge contained in the Superseding Information filed in the above-referenced action on May 20, 2022 (Dkt. 26, the "Superseding Information").

a.    *Hate Crime*, as charged in Count 1 of the Superseding Information, in violation of Title 18, United States Code, Section 249(a)(2)(A) and (a)(2)(B)(iv).

Plea Agreement - 1
*United States v. Kalvinn Jay Garcia*, CR21-012-JCC

1   By entering a plea of guilty, Defendant hereby waives all objections to the form of

2   the charging documents.  Defendant further understands that before entering any guilty

3   plea, Defendant will be placed under oath.  Any statement given by Defendant under oath

4   may be used by the United States in a prosecution for perjury or false statement.

5       2.      **Waiver of Indictment.**  Defendant, having been advised of the right to be

6   charged by Indictment, agrees to waive that right and enter a plea of guilty to the charge

7   brought by the United States Attorney in the Superseding Information.

8       3.      **Elements of the Offense**.  The elements of the offense to which Defendant

9   is pleading guilty are as follows:

10          a.      Count 1 of the Superseding Information - *Hate Crime*

11  First, Defendant willfully attempted to cause bodily injury to any person through

12  the use of fire;

13  Second, Defendant acted because of the actual or perceived sexual orientation or

14  gender identity of any person; and

15  Third, Defendant's conduct interfered with commercial or other economic activity

16  in which the victim was engaged at the time of the conduct and otherwise affected

17  interstate or foreign commerce.

18      4.      **The Penalties**.  Defendant understands that the statutory penalties

19  applicable to the offenses to which Defendant is pleading guilty are as follows:

20          a.      Count 1 of the Superseding Information - *Hate Crime*

21  A maximum term of imprisonment of up to ten years, a fine of up to $250,000.00,

22  a period of supervision following release from prison of up to three years, and a

23  mandatory special assessment of $100.00.

24  If a probationary sentence is imposed, the probation period can be for up to five

25  (5) years.

26  Defendant understands that supervised release is a period of time following

27  imprisonment during which Defendant will be subject to certain restrictive conditions and

28  requirements.  Defendant further understands that, if supervised release is imposed and

Plea Agreement - 2
*United States v. Kalvinn Jay Garcia*, CR21-012-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Defendant violates one or more of the conditions or requirements, Defendant could be
2  returned to prison for all or part of the term of supervised release that was originally
3  imposed.  This could result in Defendant serving a total term of imprisonment greater
4  than the statutory maximum stated above.

5  Defendant understands that as a part of any sentence, in addition to any term of
6  imprisonment and/or fine that is imposed, the Court may order Defendant to pay
7  restitution to any victim of the offense, as required by law.

8  Defendant further understands that the consequences of pleading guilty may
9  include the forfeiture of certain property, either as a part of the sentence imposed by the
10 Court, or as a result of civil judicial or administrative process.

11 Defendant agrees that any monetary penalty the Court imposes, including the
12 special assessment, fine, costs, or restitution, is due and payable immediately and further
13 agrees to submit a completed Financial Statement of Debtor form as requested by the
14 United States Attorney's Office.

15 Defendant understands that, if pleading guilty to a felony drug offense, Defendant
16 will become ineligible for certain food stamp and Social Security benefits as directed by
17 Title 21, United States Code, Section 862a.

18      5.     **Immigration Consequences**.  Defendant recognizes that pleading guilty
19 may have consequences with respect to Defendant's immigration status if Defendant is
20 not a citizen of the United States.  Under federal law, a broad range of crimes are grounds
21 for removal, and some offenses make removal from the United States presumptively
22 mandatory.  Removal and other immigration consequences are the subject of a separate
23 proceeding, and Defendant understands that no one, including Defendant's attorney and
24 the Court, can predict with certainty the effect of a guilty plea on immigration status.
25 Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any
26 immigration consequences that Defendant's guilty pleas may entail, even if the
27 consequence is Defendant's mandatory removal from the United States.

28

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   6.   **Rights Waived by Pleading Guilty.** Defendant understands that by

2 pleading guilty, Defendant knowingly and voluntarily waives the following rights:

3   a.   The right to plead not guilty and to persist in a plea of not guilty;

4   b.   The right to a speedy and public trial before a jury of Defendant's

5 peers;

6   c.   The right to the effective assistance of counsel at trial, including, if

7 Defendant could not afford an attorney, the right to have the Court appoint one for

8 Defendant;

9   d.   The right to be presumed innocent until guilt has been established

10 beyond a reasonable doubt at trial;

11   e.   The right to confront and cross-examine witnesses against Defendant

12 at trial;

13   f.   The right to compel or subpoena witnesses to appear on Defendant's

14 behalf at trial;

15   g.   The right to testify or to remain silent at trial, at which trial such

16 silence could not be used against Defendant; and

17   h.   The right to appeal a finding of guilt or any pretrial rulings.

18   7.   **United States Sentencing Guidelines**. Defendant understands and

19 acknowledges that the Court must consider the sentencing range calculated under the

20 United States Sentencing Guidelines and possible departures under the Sentencing

21 Guidelines together with the other factors set forth in Title 18, United States Code,

22 Section 3553(a), including:  (1) the nature and circumstances of the offense; (2) the

23 history and characteristics of Defendant; (3) the need for the sentence to reflect the

24 seriousness of the offense, to promote respect for the law, and to provide just punishment

25 for the offense; (4) the need for the sentence to afford adequate deterrence to criminal

26 conduct; (5) the need for the sentence to protect the public from further crimes of

27 Defendant; (6) the need to provide Defendant with educational and vocational training,

28 medical care, or other correctional treatment in the most effective manner; (7) the kinds

Plea Agreement - 4
*United States v. Kalvinn Jay Garcia*, CR21-012-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 | of sentences available; (8) the need to provide restitution to victims; and (9) the need to

2 | avoid unwarranted sentence disparity among defendants involved in similar conduct who

3 | have similar records. Accordingly, Defendant understands and acknowledges that:

4 |         a.     The Court will determine Defendant's Sentencing Guidelines range

5 | at the time of sentencing;

6 |         b.     After consideration of the Sentencing Guidelines and the factors in

7 | 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the

8 | maximum term authorized by law;

9 |         c.     The Court is not bound by any recommendation regarding the

10 | sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines

11 | range offered by the parties or the United States Probation Department, or by any

12 | stipulations or agreements between the parties in this Plea Agreement; and

13 |         d.     Defendant may not withdraw a guilty plea solely because of the

14 | sentence imposed by the Court.

15 |    8.   **Ultimate Sentence**. Defendant acknowledges that no one has promised or

16 | guaranteed what sentence the Court will impose.

17 |    9.   **Statement of Facts**. The parties agree on the following facts. Defendant

18 | admits he is guilty of the charged offense. The statement of facts does not contain each

19 | and every fact known to Defendant and to the United States concerning Defendant's

20 | involvement in or knowledge of the offense.

21 |     At approximately 9:00 p.m. on February 24, 2020, defendant Kalvinn Jay Garcia

22 | intentionally set fire to the contents of a dumpster located in the alley directly behind

23 | Queer/Bar, an establishment located at 1518 11th Avenue in Seattle, Washington. As

24 | indicated on its website, Queer/Bar is an inclusive bar and performance space that offers

25 | events for the LGBTQIA+ community and is known as a bar for the queer community.

26 | On the night of the incident, approximately one hundred people were in Queer/Bar, half

27 | of whom were attending a private party on the second floor. Garcia entered the alley near

28 | 11th Avenue, walked past several dumpsters in the alley, and stopped when he reached the

Plea Agreement - 5
*United States v. Kalvinn Jay Garcia*, CR21-012-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  dumpster directly behind Queer/Bar.  The dumpster was pushed up against the exterior

2  wall of the building and directly below the private party at Queer/Bar.  Bright pink lights,

3  people singing, and loud music emanated from that room and were visible and audible

4  from the alley. Garcia looked up at the party inside Queer/Bar several times as he set the

5  fire.  The fire ignited almost instantaneously, engulfing the contents of the dumpster in

6  flames that rose over three to four feet in the air above the top of the dumpster, against

7  the brick wall of the building.

8      Law enforcement located and arrested Garcia within minutes after he started the

9  fire and advised him of his *Miranda* rights.  During a search incident to his arrest, officers

10  located a pocket lighter on Garcia's person.  During an interview with a detective of the

11  Seattle Police Department, Garcia admitted setting the fire and targeting Queer/Bar

12  because it angered him to see a sign that said "queer."  When asked to tell the detective

13  about the fire, Garcia said, "I think it's wrong that we have a bunch of queers in our

14  society" and it "makes me sick to see all these people gathered up" because "God made

15  you to be a male and you abuse it to be a female."  Garcia reported he "couldn't take

16  these cross-dressing fucking fags."

17      A few weeks after setting the fire, and shortly after his release from custody,

18  Garcia approached a stranger with the initials K.C. at a bus stop and asked to use K.C.'s

19  phone.  Garcia told K.C. that he had just been released from jail for setting a fire near the

20  back door of a club and that his intent in setting the fire was to trap and hurt the people

21  inside.  Garcia also told K.C. that he "hates gays."

22      Garcia, through the use of fire, willfully attempted to cause bodily injury to the

23  occupants of Queer/Bar because of their actual or perceived sexual orientation or gender

24  identity.  Garcia's intent in setting the fire was to cause bodily injury to the occupants of

25  Queer/Bar and he took a substantial step towards executing that intention by setting the

26  fire in a dumpster abutting Queer/Bar.  Garcia targeted Queer/Bar because of the actual

27  or perceived sexual orientation or gender identity of its occupants.

28

Plea Agreement - 6
*United States v. Kalvinn Jay Garcia*, CR21-012-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   Garcia's offense interfered with commercial or other economic activity in which

2   the occupants of Queer/Bar were engaged at the time. In addition, his offense otherwise

3   affected interstate and foreign commerce.  Queer/Bar sustained damage and financial loss

4   due to the fire. The financial loss was due in part to the fact that Queer/Bar was forced to

5   close early on the night of the incident.

6   The parties agree that the Court may consider additional facts contained in the

7   Presentence Report (subject to standard objections by the parties) and/or that may be

8   presented by the United States or Defendant at the time of sentencing, and that the factual

9   statement contained herein is not intended to limit the facts that the parties may present to

10  the Court at the time of sentencing.

11  10.   **Sentencing Guidelines.**  The parties agree that the following Sentencing

12  Guidelines provisions apply to this case:

13  Count 1 – *Hate Crime*

14  a.   Base Offense Level of 24, pursuant to Sections 2K1.4(a)(1) and

15  2H1(a)(1); and

16  b.   Hate Crime Motivation, three-level upward adjustment, pursuant to

17  Section 3A1.1.

18  The parties agree they are free to present arguments regarding the applicability of

19  all provisions of the United States Sentencing Guidelines.  Defendant understands,

20  however, that at the time of sentencing, that the Court is free to reject the Defendant's

21  arguments regarding the Sentencing Guidelines, and that the Court is further free to apply

22  additional downward or upward adjustments in determining Defendant's Sentencing

23  Guidelines range.

24  11.   **Acceptance of Responsibility.**  At sentencing, *if* the Court concludes

25  Defendant qualifies for a downward adjustment acceptance for acceptance of

26  responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or

27  greater, the United States will make the motion necessary to permit the Court to decrease

28  the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because

Plea Agreement - 7
*United States v. Kalvinn Jay Garcia*, CR21-012-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    Defendant has assisted the United States by timely notifying the United States of

2    Defendant's intention to plead guilty, thereby permitting the United States to avoid

3    preparing for trial and permitting the Court to allocate its resources efficiently.

4         12.    **Agreed Recommendation Regarding Imprisonment.** Pursuant to

5    Federal Rule of Criminal Procedure 11(c)(1)(B), the Government agrees to recommend a

6    term of imprisonment of no more than the low end of the advisory guidelines range

7    calculated by the Court at the time of sentencing. Defendant is not bound by this

8    recommendation and may recommend whatever term of imprisonment he so chooses.

9    Defendant understands that this recommendation is not binding on the Court and the

10   Court may reject the recommendations of the parties and may impose any term of

11   imprisonment up to the statutory maximum penalty authorized by law. Defendant

12   further understands that Defendant cannot withdraw a guilty plea simply because of the

13   sentence imposed by the Court. Except as otherwise provided in this Plea Agreement,

14   the parties are free to present arguments regarding any other aspect of sentencing.

15        13.    **Restitution.** Defendant agrees that the Court can order Defendant to pay

16   restitution to the victims of Defendant's crimes and, in exchange for the agreements by

17   the United States contained in this plea agreement, Defendant agrees that restitution in

18   this case should not be limited to the offenses of conviction. Defendant is aware that the

19   United States will present evidence supporting an order of restitution for all losses caused

20   by all of Defendant's criminal conduct known to the United States at the time of

21   Defendant's guilty pleas to include those losses resulting from crimes not charged or

22   admitted by Defendant in the Statement of Facts, including financial losses to Queer/Bar

23   incurred as a result of the fire. In exchange for the promises by the United States

24   contained in this plea agreement, Defendant agrees that Defendant will be responsible for

25   any order by the District Court requiring the payment of restitution for such losses.

26        a.    The full amount of restitution shall be due and payable immediately

27   on entry of judgment and shall be paid as quickly as possible. If the Court finds that the

28   defendant is unable to make immediate restitution in full and sets a payment schedule as

Plea Agreement - 8
*United States v. Kalvinn Jay Garcia*, CR21-012-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule

2    represents a minimum payment obligation and does not preclude the U.S. Attorney's

3    Office from pursuing any other means by which to satisfy the defendant's full and

4    immediately-enforceable financial obligation, including, but not limited to, by pursuing

5    assets that come to light only after the district court finds that the defendant is unable to

6    make immediate restitution.

7              b.        Defendant agrees to disclose all assets in which Defendant has any

8    interest or over which Defendant exercises control, directly or indirectly, including those

9    held by a spouse, nominee, or third party.  Defendant agrees to cooperate fully with the

10   United States' investigation identifying all property in which Defendant has an interest

11   and with the United States' lawful efforts to enforce prompt payment of the financial

12   obligations to be imposed in connection with this prosecution.  Defendant's cooperation

13   obligations are:  (1) before sentencing, and no more than 30 days after executing this Plea

14   Agreement, truthfully and completely executing a Financial Disclosure Statement

15   provided by the United States Attorney's Office and signed under penalty of perjury

16   regarding Defendant's and Defendant's spouse's financial circumstances and producing

17   supporting documentation, including  tax returns, as requested; (2) providing updates

18   with any material changes in circumstances, as described in 18 U.S.C. §  3664(k), within

19   seven days of the event giving rise to the changed circumstances; (3) authorizing the

20   United States Attorney's Office to obtain Defendant's credit report before sentencing; (4)

21   providing waivers, consents or releases requested by the U.S. Attorney's Office to access

22   records to verify the financial information; (5) authorizing the U.S. Attorney's Office to

23   inspect and copy all financial documents and information held by the U.S. Probation

24   Office; (6) submitting to an interview regarding Defendant's Financial Statement and

25   supporting documents before sentencing (if requested by the United States Attorney's

26   Office), and fully and truthfully answering questions during such; and (7) notifying the

27   United States Attorney's Office before transferring any interest in property owned

28

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  directly or indirectly by Defendant, including any interest held or owned in any other

2  name, including all forms of business entities and trusts.

3             c.        The parties acknowledge that voluntary payment of restitution prior

4  to the adjudication of guilt is a factor the Court considers in determining whether

5  Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a).  In

6  addition, in any event, the government will consider Defendant's cooperation regarding

7  restitution in making its sentencing.

8      14.    **Non-Prosecution of Additional Offenses.**  As part of this Plea Agreement,

9  the United States Attorney's Office for the Western District of Washington and the Civil

10  Rights Division of the Department of Justice agree not to prosecute Defendant for any

11  additional offenses in connection with the conduct that gave rise to this investigation that

12  are known to the government at the time of this Plea Agreement based upon evidence in

13  its possession at this time, and moves to dismiss the count against Defendant in the

14  Indictment filed on January 21, 2021, at the time of sentencing.  In this regard, Defendant

15  recognizes the United States has agreed not to prosecute all of the criminal charges the

16  evidence establishes were committed by Defendant on February 24, 2020, solely because

17  of the promises made by Defendant in this Plea Agreement.  Defendant agrees, however,

18  that for purposes of preparing the Presentence Report, the United States Attorney's

19  Office will provide the United States Probation Office with evidence of all conduct

20  committed by Defendant.

21      Defendant agrees that any charges to be dismissed before or at the time of

22  sentencing were substantially justified in light of the evidence available to the United

23  States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant

24  with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119

25  (1997).

26      15.    **Breach, Waiver, and Post-Plea Conduct.**  Defendant agrees that, if

27  Defendant breaches this Plea Agreement, the United States may withdraw from this Plea

28  Agreement and Defendant may be prosecuted for all offenses for which the United States

Plea Agreement - 10
*United States v. Kalvinn Jay Garcia*, CR21-012-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    has evidence. Defendant agrees not to oppose any steps taken by the United States to
2    nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea
3    Agreement. Defendant also agrees that, if Defendant is in breach of this Plea Agreement,
4    Defendant has waived any objection to the re-institution of any charges that previously
5    were dismissed or any additional charges that had not been prosecuted.

6        Defendant further understands that if, after the date of this Agreement, Defendant
7    should engage in illegal conduct, or conduct that violates any conditions of release or the
8    conditions of confinement (examples of which include, but are not limited to, obstruction
9    of justice, failure to appear for a court proceeding, criminal conduct while pending
10   sentencing, and false statements to law enforcement agents, the Pretrial Services Officer,
11   Probation Officer, or Court), the United States is free under this Plea Agreement to file
12   additional charges against Defendant or to seek a sentence that takes such conduct into
13   consideration by requesting the Court to apply additional adjustments or enhancements in
14   its Sentencing Guidelines calculations in order to increase the applicable advisory
15   Guidelines range, and/or by seeking an upward departure or variance from the calculated
16   advisory Guidelines range. Under these circumstances, the United States is free to seek
17   such adjustments, enhancements, departures, and/or variances even if otherwise
18   precluded by the terms of the Plea Agreement.

19       16.    **Waiver of Appellate Rights and Rights to Collateral Attacks.**
20   Defendant acknowledges that, by entering the guilty pleas required by this plea
21   agreement, Defendant waives all rights to appeal from Defendant's conviction, and any
22   pretrial rulings of the Court, and any rulings of the Court made prior to entry of the
23   judgment of conviction. Defendant further agrees that, provided the Court imposes a
24   custodial sentence that is within or below the Sentencing Guidelines range (or the
25   statutory mandatory minimum, if greater than the Guidelines range) as determined by the
26   Court at the time of sentencing, Defendant waives to the full extent of the law:
27       a.    Any right conferred by Title 18, United States Code, Section 3742,
28   to challenge, on direct appeal, the sentence imposed by the Court, including any fine,

Plea Agreement - 11
*United States v. Kalvinn Jay Garcia*, CR21-012-JCC

1 restitution order, probation or supervised release conditions, or forfeiture order (if

2 applicable); and

3         b.    Any right to bring a collateral attack against the conviction and

4 sentence, including any restitution order imposed, except as it may relate to the

5 effectiveness of legal representation; and

6      This waiver does not preclude Defendant from bringing an appropriate motion

7 pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or

8 the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

9      If Defendant breaches this Plea Agreement at any time by appealing or collaterally

10 attacking (except as to effectiveness of legal representation) the conviction or sentence in

11 any way, the United States may prosecute Defendant for any counts, including those with

12 mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea

13 Agreement.

14      17.    **Voluntariness of Plea**.  Defendant agrees that Defendant has entered into

15 this Plea Agreement freely and voluntarily, and that no threats or promises were made to

16 induce Defendant to enter a plea of guilty other than the promises contained in this Plea

17 Agreement or set forth on the record at the change of plea hearing in this matter.

18      18.    **Statute of Limitations**.  In the event this Plea Agreement is not accepted

19 by the Court for any reason, or Defendant breaches any of the terms of this Plea

20 Agreement, the statute of limitations shall be deemed to have been tolled from the date of

21 the Plea Agreement to:  (1) thirty (30) days following the date of non-acceptance of the

22 Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach

23 of the Plea Agreement by Defendant is discovered by the United States Attorney's

24 Office.

25 //

26 //

27 //

28

Plea Agreement - 12
*United States v. Kalvinn Jay Garcia*, CR21-012-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

19. **Completeness of Agreement**. The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Agreement binds the United States Attorney's Office for the Western District of Washington and the Civil Rights Division of the U.S. Department of Justice. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 26 day of _____May_____, 2022.

KALVINN JAY GARCIA
Defendant

COREY ENDO
Attorney for Defendant

SARA BRIN
Attorney for Defendant

TODD GREENBERG
Assistant United States Attorney

REBECCA S. COHEN
Assistant United States Attorney

AEJEAN CHA
Trial Attorney, Criminal Section
Civil Rights Division

Plea Agreement - 13
*United States v. Kalvinn Jay Garcia*, CR21-012-JCC